FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 18, 2014

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| | Case No. 13-CV-00336 (VEB) |
| ANNA M. FRIEDLANDER, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In January of 2010, Plaintiff Anna M. Friedlander applied for Supplemental Security Income ("SSI") benefits and Disability Insurance Benefits ("DIB") under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, represented by the Law Offices of Dana Madsen, Joseph Linehan, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8).

On May 1, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 16).

## II. BACKGROUND

The procedural history may be summarized as follows:

On January 12, 2010, Plaintiff applied for SSI benefits and DIB, alleging disability beginning October 21, 2009. (T at 174-85).[1]  The applications were denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On February 21, 2012, a hearing was held before ALJ Caroline Siderius. (T at 58).  Plaintiff appeared with her attorney and testified. (T at 69-95, 98). The ALJ also received testimony from Daniel McKinney, a vocational expert (T at 95-102) and John Morse, a medical expert. (T at 63-69).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 11.

DECISION AND ORDER – FRIEDLANDER v COLVIN 13-CV-00336-VEB

On March 12, 2012, ALJ Siderius issued a written decision denying the applications for benefits and finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (T at 29-50).   The ALJ's decision became the Commissioner's final decision on July 23, 2013, when the Social Security Appeals Council denied Plaintiff's request for review.  (T at 1-7).

On September 19, 2013, Plaintiff, acting by and through her counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 5). The Commissioner interposed an Answer on November 25, 2013. (Docket No. 10).

Plaintiff filed a motion for summary judgment on March 31, 2014. (Docket No. 15).   The Commissioner moved for summary judgment on June 10, 2014. (Docket No. 20).  Plaintiff filed a reply brief on June 25, 2014. (Docket No. 22).

For the reasons set forth below, the Commissioner's motion is denied, Plaintiff's motion is granted, and this case is remanded for further proceedings.


## III. DISCUSSION

### A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable

DECISION AND ORDER – FRIEDLANDER v COLVIN 13-CV-00336-VEB

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed

DECISION AND ORDER – FRIEDLANDER v COLVIN 13-CV-00336-VEB

impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the

DECISION AND ORDER – FRIEDLANDER v COLVIN 13-CV-00336-VEB

Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2)  a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B.    Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a

whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ found that Plaintiff had not engaged in substantial gainful activity since October 21, 2009, the alleged onset date, and met the insured status requirements of the Social Security Act through September 30, 2013. (T at 34). The ALJ determined that Plaintiff's fibromyalgia, degenerative joint disease, depression,

mild osteoarthritis, morbid obesity, and gastritis were impairments considered "severe" under the Act. (Tr. 35-36).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 36-37). The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR § 416.967 (b), except that she was limited to occasional pushing or pulling with her lower extremities, should avoid climbing ladders, ropes, or scaffold, and was limited to occasional climbing stairs, climbing ramps, balancing, stooping, crawling, kneeling, and crouching. (T at 37). The ALJ concluded that Plaintiff needed to avoid concentrated exposure to temperatures, wetness, vibrations, and the operation of heavy machinery. In addition, she could not work at unprotected heights and was limited to a maximum of three-step tasks. (T at 37).

The ALJ concluded that Plaintiff could not perform her past relevant work. (T at 43). However, considering Plaintiff's age (46 on the alleged onset date), education (limited), work experience, and RFC (light work, with non-exertional limitations outlined above), the ALJ concluded that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 43-44).

DECISION AND ORDER – FRIEDLANDER v COLVIN 13-CV-00336-VEB

As such, the ALJ concluded that Plaintiff was not disabled, as defined under the Act, between October 21, 2009 (the alleged onset date) and March 12, 2012 (the date of the ALJ's decision) and was therefore not entitled to benefits. (Tr. 44-45). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-7).

## IV. ANALYSIS

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that her statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible. (T at 40).  For the following reasons, this Court finds the ALJ's decision flawed and concludes that a remand is required.

The ALJ noted Plaintiff's history of substance abuse (in particular, cocaine abuse) (T at 400, 494) and concluded that there was "a question of whether substance abuse or dependence is a contributing factor in her allegations of total disability . . . ." (T at 38).  The ALJ then used the issue of substance abuse to discount Plaintiff's credibility. (T at 38).  However, this was not the proper procedure for addressing substance abuse in the Social Security disability context.

DECISION AND ORDER – FRIEDLANDER v COLVIN 13-CV-00336-VEB

When a Social Security disability claim involves substance abuse, the ALJ must first conduct the general five-step sequential evaluation without determining the impact of substance abuse on the claimant. If the ALJ finds that the claimant is not disabled, then the ALJ proceeds no further.  If, however, the ALJ finds that the claimant is disabled, then the ALJ conducts the sequential evaluation and second time and considers whether the claimant would still be disabled absent the substance abuse.  *See Bustamente v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001), 20 CFR §§ 404.1535, 416.935.

Here, the ALJ did not follow this process and thus deviated from the applicable legal requirements.  Curiously, the ALJ cited the applicable Regulations (T at 38), but did not actually conduct the analysis required thereunder.  Although Plaintiff bears the burden of proving that her drug use is not a contributing factor material to the disability determination, the ALJ was obliged to develop the record and resolve the issue one way or the other. *See Gibson v. Astrue*, No. CV 06-3003, 2008 U.S. Dist. LEXIS 26962, at *5-6 (D. Ariz. Mar. 31, 2008).  Indeed, some courts have concluded that if the ALJ cannot resolve the question of whether substance abuse is a contributing factor, the claimant has met her burden and an award of benefits should follow. *See, e.g. Outin v. Astrue*, No. C 10-1764, 2011 U.S.

DECISION AND ORDER – FRIEDLANDER v COLVIN 13-CV-00336-VEB

1  Dist. LEXIS 87958, at *15 (N.D.Ca Aug. 9, 2011); *Brueggemann v. Barnhart*, 348

2  F.3d 689, 693-95 (8th Cir. 2003).

3        An ALJ errs where, as here, she considers the claimant's substance abuse in

4  her analysis without conducting the two-step process outlined in 20 CFR § 404.1535

5  and § 416.935.  *See Reid v. Astrue*, No. 08-5249, 2009 U.S. Dist. LEXIS 119858, at

6  *22-26 (N.D. Ca. Dec. 23, 2009)("While the record contains ample evidence that

7  Reid has a history of substance use, the ALJ did not explain, nor cite evidence

8  indicating, how and to what extent Reid's substance abuse contributed to his

9  disability status.").   Accordingly, because the ALJ did not follow the applicable

10  legal standard, this Court cannot determine whether substantial evidence supports

11  her determination. *Id.* at *26.  A remand is therefore required.

12        In a case where the ALJ's determination is not supported by substantial

13  evidence or is tainted by legal error, the court may remand the matter either for

14  additional proceedings or an immediate award of benefits. Remand for additional

15  proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not

16  clear from the record before the court that the claimant is disabled. *See Benecke v.*

17  *Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

18

19

20

DECISION AND ORDER – FRIEDLANDER v COLVIN 13-CV-00336-VEB

1    Here, the outstanding issue of Plaintiff's substance abuse must be resolved for

2 the reasons outlined above. In addition, it is not clear from the record before this

3 Court whether Plaintiff is disabled.

4    In November of 2010, Karen Severns, a social worker, provided an

5 assessment of Plaintiff's mental health limitations.  Ms. Severns had, at that time,

6 been providing psychological counseling to Plaintiff for two months.  She diagnosed

7 post-traumatic stress disorder (delayed onset), major depression (recurrent, severe),

8 anxiety disorder NOS, and dysthmic disorder. (T at 443).  Ms. Severns assigned a

9 Global Assessment of Functioning ("GAF")[2] score of 34 (T at 443), which

10 "indicates some impairment in reality testing or communication (e.g., speech is at

11 times illogical, obscure, or irrelevant) or major impairment in several areas such as

12 work or school, family relations, judgment, thinking or mood." *Tagin v. Astrue*, No.

13 11-cv-05120, 2011 U.S. Dist. LEXIS 136237 at *8 n.1 (W.D.Wa. Nov. 28,

14 2011)(citations omitted).

15    However, the ALJ noted that the contemporaneous treatment notes did not

16 provide much support for Ms. Severns's assessment. (T at 40-41).  Dr. John Morse,

17 a medical expert, testified that Plaintiff could occasionally lift 20 pounds and

18 ――――――――――
[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational

19 functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161,
1164 n.2 (9th Cir. 1998).

20

DECISION AND ORDER – FRIEDLANDER v COLVIN 13-CV-00336-VEB

frequently lift 10 pounds, stand/walk for 6 hours in an 8-hour workday, and sit for 6

hours in an 8-hour workday. (T at 66).  He found no push/pull limitations, modest

postural   and   environmental   limitations,   and   no   manipulative,   visual,   or

communicative limitations. (T at 66).

Dr. Sharon Underwood, a non-examining State Agency psychiatric review

consultant, assessed mild restriction as to Plaintiff's activities of daily living, mild

difficulties   in   maintaining   social   functioning,   and   moderate   difficulties   in

maintaining concentration, persistence, or pace. (T at 456).  She opined that Plaintiff

could perform simple work and detailed tasks (if she was familiar with it). (T at

462).  Dr. Underwood also concluded that Plaintiff could adjust to simple changes in

the workplace, set goals independently, avoid hazards, and travel. (T at 462).

There   is   thus   conflicting   evidence   concerning   the   extent   of   Plaintiff's

limitations and, as noted above, inadequate analysis by the ALJ concerning the

substance  abuse  issue.    Accordingly,  a  remand  for  further  proceedings  is  the

appropriate remedy.

### V. ORDERS

**IT IS THEREFORE ORDERED** that**:**

Plaintiff's motion for summary judgment, **Docket No.  15**, is **GRANTED.**

The Commissioner's motion for summary judgment, **Docket No. 20**, is **DENIED**.

This case is **REMANDED** to the Commissioner for further proceedings consistent with this Decision and Order.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of the Plaintiff, and keep the case open for a period of sixty (60) days to allow Plaintiff's counsel an opportunity to submit an application for attorneys' fees.

DATED this 18th day of August, 2014.


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – FRIEDLANDER v COLVIN 13-CV-00336-VEB